UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FAITH SAMUELS,

       Plaintiff,                           Case No. 16-cv-10890

v.                                             Paul D. Borman
                                                 United States District Judge

ALLSTATE PROPERTY & CASUALTY
INSURANCE COMPANY,
a foreign corporation,

       Defendant.
_____/

OPINION AND ORDER REGARDING
MOTIONS IN LIMINE (ECF NOS. 40, 41, 42, 43)

This is an insurance loss case. Plaintiff claims to have suffered damage to her home as a result of water damage, allegedly caused by burst frozen pipes, and seeks to recover under a policy of insurance issued by Defendant Allstate Property & Casualty Insurance Co. ("Allstate"). Allstate has denied coverage under the Policy's fraud provision. This Court denied both Plaintiff's and Defendant's motions for summary judgment in an Opinion and Order issued on April 20, 2018, finding genuine issues of material fact remain for trial. *Samuels v. Allstate Prop. & Cas. Ins. Co.*, 310 F. Supp. 3d 847 (E.D. Mich. April 20, 2018). Now before the Court are three

1

motions in limine filed by the Defendant (ECF Nos. 40, 41, 42) and one motion in limine filed by the Plaintiff (ECF No. 43). The Court held a hearing on August 7, 2018.

## I. BACKGROUND

The facts of this litigation are thoroughly set out in this Court's April 20, 2018 summary judgment Opinion and Order. Ultimately, the Court ruled that:

> When the facts are viewed in the light most favorable to the Plaintiff, there is evidence on which a reasonable juror could conclude that Plaintiff truthfully represented to Allstate that the boiler had been made operable and submitted the May 5, 2014 invoice from Strickly H/C in support of this representation, that Mr. Mitchell did make repairs on May 5, 2014 and that the boiler had been made operational. There is also evidence on which a reasonable juror could conclude that the boiler was operating during the months of January and February, 2015, as Plaintiff represented. There is also evidence on which a reasonable juror could conclude that Plaintiff suffered damage and loss to her personal property and dwelling, and that she endeavored to truthfully represent those damages to Allstate. Finally, Allstate's argument regarding the 12% interest penalty is inadequately presented and premature and is deferred until Plaintiff's entitlement to payment under the Policy has been determined. Accordingly, Allstate's motion for summary judgment is DENIED.

> \*            \*            \*

> Viewing the facts discussed above in the light most favorable to Allstate, and particularly based on the Reports of Chad Peterson and the testimony of Maurice Wilson and Lonnie Mitchell (as discussed at length supra, the jury will be left to determine the credibility and weight to give Mr. Mitchell's testimony in light of the conflict between his deposition and his subsequently-filed Affidavit), there is a genuine issue of material

fact as to when Mr. Mitchell repaired Plaintiff's boiler and whether Plaintiff knew, when she represented to Allstate that the boiler had been made operable and submitted the May 5, 2014 invoice from Strickly H/C in support of this representation, that this representation was false. A reasonable juror could conclude that Plaintiff misrepresented the repair and condition of the boiler in an attempt to recover under the Policy even though Plaintiff knew the boiler had not been repaired and had not been working at the time of the February 2015 loss. A reasonable juror could conclude that Plaintiff made false statements and submitted an invoice dated May 5, 2014, as affirmative evidence and a representation that repairs were done on that date that were not. . . . Plaintiff's motion for summary judgment is DENIED.

2018 WL 1898463, at *21.

The parties now seek to exclude certain evidence at trial.

## II. LEGAL STANDARD

"The Federal Rules of Evidence, the Federal Rules of Criminal and Civil Procedure and interpretive rulings of the Supreme Court and this court all encourage, and in some cases require, parties and the court to utilize extensive pretrial procedures – including motions *in limine* – in order to narrow the issues remaining for trial and to minimize disruptions at trial." *United States v. Brawner*, 173 F.3d 966, 970 (6th Cir. 1999). "A motion in limine is any motion, whether made before or during trial, to exclude anticipated prejudicial evidence before the evidence is actually offered." *Louzon v. Ford Motor Co.*, , 560 (6th Cir.2013) (internal quotation marks omitted). These motions are "designed to narrow the evidentiary issues for trial and to eliminate

3

unnecessary trial interruptions." *Id.* (internal quotation marks omitted).

## III. ANALYSIS

### A. Plaintiff's Motion In Limine (ECF No. 43)

Plaintiff seeks to preclude Allstate "from making any reference whatsoever to an alleged 'lack of maintenance' by Plaintiff as a reason for her water loss and as a reason for Defendant's denial of her claim." (ECF No. 43, Pl.'s Motion in Limine to Preclude Reference to Lack of Maintenance as an Affirmative Defense at Trial.) Plaintiff argues that Allstate did not plead "lack of maintenance" as an affirmative defense and should be precluded from relying on that defense at trial.

Allstate has responded to Plaintiff's motion, acknowledging that it did not plead and does not intend to rely on the affirmative defense of "lack of maintenance" at trial. Specifically, Allstate indicates that it "does not intend on arguing [] lack of maintenance as an affirmative defense or avoidance sufficient to defeat Plaintiff's claim." (ECF No. 44, Def.'s Resp. 3.) However, as Allstate correctly observes in its Response, "lack of maintenance" was the basis for Allstate's denial of a 2014 water loss at the same property involved in this litigation and the condition of Plaintiff's boiler, both at the time of the 2014 loss and at the time of the 2015 loss that is the subject of this action, is relevant to both the substantive fraud and concealment issues and to issues of credibility that the jury will be asked to decide in this case. Thus

4

Allstate argues, and the Court agrees, that any issues related to the Plaintiff's boiler condition and repair or lack thereof at the time of the 2014 loss and up to and including the time of the 2015 loss are relevant and Allstate may introduce evidence at trial bearing on those issues.

Accordingly, Plaintiff's motion is GRANTED to the extent that she seeks to preclude Allstate from asserting "lack of maintenance" under the Policy provisions as an affirmative defense to the loss claimed in this action. No instruction on the affirmative defense of "lack of maintenance" will be given to the jury. However, Plaintiff's motion is DENIED insofar as Allstate will be permitted to introduce evidence related to the condition and repair of the boiler as relevant to both the substantive and credibility issues in this litigation.

> **B.** **Defendant's Motion in Limine to Exclude Evidence of Any Alleged Emotional Distress/Financial Impact (ECF No. 40) and Defendant's Motion in Limine Relative to Other Claims (ECF No. 42)**

The parties informed the Court at the August 7, 2018 hearing that they have agreed to stipulate to an In Limine Order resolving both of these motions. The parties shall file the stipulated In Limine Order on or before August 24, 2018.

> **C.** **Defendant's Motion in Limine Regarding Character, Opinion and Unfairly Prejudicial Evidence (ECF No. 41)**

Defendant seeks to exclude the following evidence at trial:

1) Any and all evidence concerning Plaintiff's husband's death in 2008 and any evidence regarding the insurance proceeds Plaintiff received as a result as irrelevant under Fed. R. Evid. 401, 402 and 403;

2) Any and all evidence regarding faith and religion under Fed. R. Evid. 401, 402, and 403;

3) Any and all evidence or testimony by John Dodge of Starr Commonwealth as to Plaintiff's character under Fed. R. Evid. 404;

4) Any and all evidence or testimony by John Dodge of Starr Commonwealth regarding his opinions and criticism regarding the claims process associated with the water loss at issue under Fed. R. Evid. 601, 602, and 701.

(Def.'s Mot. 5.)

The parties have agreed to a stipulated In Limine Order resolving the issues raised in paragraphs 2-4 above. The parties shall file the stipulated In Limine Order on or before August 24, 2018.[1]

The only aspect of this motion that Plaintiff appears to contest is the Defendant's attempt to preclude Plaintiff from offering evidence of her husband's death and the insurance proceeds she received as a result, apparently suggesting that this would bear on her financial condition as of the date of the loss. Plaintiff argues that the insurance payment she received as a result of her husband's death in 2008,

---

[1] The parties may, if they so choose, include all of the stipulations regarding the in limine issues in a single Stipulated In Limine Order.

6

which enabled her to buy several rental properties free and clear of any mortgage, is relevant to the state of her financial condition at the time of the loss. Plaintiff argues in addition that insurance companies routinely argue that insureds were motivated by financial reasons to commit fraud under the policy and that evidence regarding Plaintiff's financial condition at the time of the loss would be relevant to defeating such a suggestion in this case.

Plaintiff argues that because Allstate is asserting fraud as an affirmative defense in this action, and will argue that Plaintiff committed fraud in this case, Plaintiff's financial condition at the time of the loss is necessarily in issue and therefore evidence of Plaintiff's financial stability at the time of the loss is relevant to rebut Allstate's anticipated suggestion that Plaintiff was motivated by her poor financial condition to commit the fraud in this case. Plaintiff has cited a number of cases to the Court in support of the proposition that a plaintiff's financial condition is relevant "to the issue of motive." (Pl.'s Resp. 4-5, PgID 1891-92.) This issue most commonly arises in the case of a claimed fire loss when the insurance company is asserting the defense of arson and arguing that the plaintiff's deteriorated financial condition at the time of the loss motivated the plaintiff to commit arson and file a false or fraudulent claim – and the cases Plaintiff has cited, both in her brief and at oral argument, are just such cases. Plaintiff argues that *Mina v. General Star Indemnity Co.*, 218 Mich. App. 678 (1996),

7

*rev'd in part Mina v. General Star Indemnity Co.*, 455 Mich. 866 (1997), stands for the proposition that "plaintiff's financial condition at the time of the fire loss was relevant." (Pl.'s Resp. 4, PgID 1891.) In *Mina*, the insurer had asserted arson as a defense, bringing into issue the plaintiff's motive to set the fire and file a fraudulent claim. The other cases on which Plaintiff relies also involve a fire loss and the related question of plaintiff's motive for setting the fire: *Johnson v. Auto-Owners Ins.*, 202 Mich. App. 525, 527-28 (1993) (finding that where arson is a defense, a dispositive issue is whether plaintiff set the fire, and motive is a factor to consider); *Doerr v. Allstate Ins. Group*, 121 F. App'x 638, 641 (6th Cir. 2005) (where surrounding circumstances indicate that fire was intentionally set, financial condition at the time of the loss was relevant to establishing motive); *Vertex Intern. Management Services, LLC*, 120 F. Supp. 3d 658, 663 (E.D. Mich. 2011) (in fire loss case where arson was suspected financial condition at time of loss was relevant to prove motive to commit arson); *Johnson v. Basic Prop. Ins. Ass'n*, No. 191339, 1997 WL 33353680 (Mich. Ct. App. Feb. 25, 1997) (evidence of financial condition is admissible for purpose of establishing motive for arson).[2] Plaintiff argues that these cases support her argument

---

[2] An insurer is not always permitted to introduce evidence of the insured's financial condition as bearing on motive. It is specifically "evidence of fluctuation in one's financial circumstances" at or near the time of the loss that Michigan courts have, under certain circumstances, found relevant. *Vertex*, 120 F. Supp. 3d at 641 (citing *Smith v. Mich. Basic Prop. Ins. Ass'n*, 441 Mich. 181, 194-95 (1992)).

for presenting evidence of her robust financial condition at the time of the loss to rebut any suggestion of a financial motive for the fraud she is accused of having perpetrated on Allstate. However, Plaintiff cites no authority for the proposition that evidence of financial condition is inherently relevant in every case in which an insurance company denies coverage based on the affirmative defense of fraud or false swearing. As Allstate argues, wealthy people also commit fraud.

Importantly, in this case, Allstate has represented to the Court, at the hearing on August 8, 2018, that it does not intend to argue that Plaintiff was motivated by her financial condition to commit fraud. Allstate represents that the issue in this case (at least a central issue) is whether Plaintiff misrepresented to Allstate that she had repaired her boiler after the 2014 loss that Allstate denied for lack of maintenance and before the 2015 loss that is the subject of this action. Allstate's position is that it does not matter why Plaintiff did not repair the boiler, maybe she was just too busy or perhaps she forgot. The fraud in this case, Allstate argues, is that she misrepresented to Allstate that she *did* repair the boiler and Allstate submits evidence that creates a genuine issue of material fact that she did not. The basis for the fraud claim is the misrepresentation, and the motive for making that misrepresentation, according to Allstate, is irrelevant to their case. They have no intention of arguing that Plaintiff had a financial need to commit fraud by misrepresenting that she had repaired her boiler.

9

The Court agrees that if Allstate does not put Plaintiff's financial condition at the time of the loss into issue, and does not argue or suggest that Plaintiff's financial condition was a motive for the alleged fraud, evidence that would serve to vouch for the stability of Plaintiff's financial condition at the time of the loss would have no tendency to make any fact that is of consequence to the action more or less probable. Such evidence is not relevant and therefore will be excluded under Fed. R. Evid. 401 and 402. If during the course of the trial, Allstate does alter course and places Plaintiff's financial condition at issue, the Court may reconsider Plaintiff's position at that time.

Even if financial condition at the time of the loss does become relevant during the trial, the facts of the death of Plaintiff's husband in 2008 and the life insurance proceeds that Plaintiff received as result are not relevant to any fact of consequence in this case. Regardless of whether or not Plaintiff parlayed that sum into a position of financial stability at the time of the loss, the underlying source of the funds in 2008 (insurance proceeds as result of Plaintiff's husband's death) is simply not relevant to any issue of consequence in this case and would tend to improperly evoke the sympathy of the jury based upon an unrelated and irrelevant occurrence in Plaintiff's life. Evidence of Plaintiff's financial condition at the time of the loss would involve questions related to her then-current financial condition – was she behind in her bills,

was she making timely payments on any mortgage commitments, did she have savings, etc. Thus, evidence of Plaintiff's husband's death in 2008 and evidence of the insurance proceeds that Plaintiff obtained as a result will be excluded at trial under Fed. R. Evid. 401, 402, and 403.

**IV. CONCLUSION**

For the foregoing reasons, it is ORDERED that:

(1) The parties shall file a Stipulated In Limine Order, on or before August 24, 2018, consistent with this Opinion and Order and with the resolutions placed on the record at the hearing on August 7, 2018;

(2) Allstate will be prohibited from arguing lack of maintenance as an affirmative defense but will not be precluded from introducing evidence regarding the condition and repair of the boiler as relevant to both the substantive and credibility issues in the case;

(3) Plaintiff is precluded from introducing any evidence for the purpose of vouching for the state of her financial condition at the time of the loss unless during trial Allstate argues or suggests Plaintiff's financial condition at the time of the loss as a motive for the fraud or otherwise opens the door to the relevance of Plaintiff's financial condition; and

(4) Evidence regarding Plaintiff's husband's death in 2008 and evidence regarding the insurance proceeds Plaintiff received as a result will be excluded at trial.

The parties Proposed Joint Final Pretrial Order shall be submitted on or before **August 28, 2018**. The Final Pretrial Conference is scheduled for **September 25,**

**2018 at 11:00 a.m**.  Jury trial will commence on **November 13, 2018 at 10:00 a.m.**

IT IS SO ORDERED.

s/Paul D. Borman<br>PAUL D. BORMAN<br>UNITED STATES DISTRICT JUDGE

Dated:  August 15, 2018

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on August 15, 2018.

s/Deborah Tofil<br>Case Manager